## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRADFORD PEDDIE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| NATIONAL CREDIT ADJUSTERS, INC., ) | |
| ) | |
| Defendant. ) | |

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

BRADFORD PEDDIE (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges the following against NATIONAL CREDIT ADJUSTERS, INC., (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Illinois, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7. Plaintiff is a natural person residing in Addison, Dupage County, Illinois.

8. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Defendant is a business located in Hutchinson, Reno County, Kansas.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff at his place of employment: 847-439-3665.

14. Defendant placed telephone calls to Plaintiff and identified itself as "NCA," not the full and proper name of the company.

15. Plaintiff informed Defendant that he is prohibited from receiving personal calls at his place of employment and Defendant continues to call.

16. Defendant threatened to file a lawsuit against Plaintiff for nonpayment of the alleged debt, but has not done so.

17. Defendant threatened to have the police issue a warrant for Plaintiff's arrest for nonpayment of the alleged debt.

18. Defendant's representative "Aaron Lucia" called Plaintiff a "liar" and stated he would "take any means he possibly could" to collect the debt allegedly owed by Plaintiff.

19. Defendant disclosed Plaintiff's alleged debt to a third party when Defendant informed Plaintiff's co-worker that Plaintiff "needs to arrange to make a payment."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692b(2)* of the FDCPA by stating to a third party that Plaintiff owes a consumer debt.

    b. Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with Plaintiff at his place of employment after being informed that Plaintiff's employer prohibits Plaintiff from receiving such communication.

    c. Defendant violated *§1692c(b)* of the FDCPA by communicating, in connection with the collection of Plaintiff's alleged debt, with a third party.

    d. Defendant violated *§1692d(1)* of the FDCPA by using threats of violence or other criminal means because Defendant's representative "Aaron Lucia" stated he would "take any means he possibly could" to collect the debt allegedly owed by Plaintiff.

    e. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without providing meaningful disclosure of the caller's identity.

    g. Defendant violated *§1692e(4)* of the FDCPA by representing that nonpayment of the alleged debt will result in the issuance of an arrest warrant when such action is not lawful.

    h. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against

Plaintiff when Defendant did not intend to take such action.

i. Defendant violated *§1692e(5)* of the FDCPA by threatening to have the police issue a warrant for Plaintiff's arrest when Defendant cannot legally take such action.

j. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant threatened to have the police issue an arrest warrant for Plaintiff.

k. Defendant violated *§1692e(10)* of the FDCPA by using false representations and deceptive means in an attempt to collect a debt because Defendant threatened to file a lawsuit against Plaintiff when Defendant did not intend to take such action.

l. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a direct and proximate result of one or more or all of the statutory violations above

Plaintiff has suffered emotional distress (see Exhibit A).

WHEREFORE, Plaintiff, BRADFORD PEDDIE, respectfully requests judgment be entered against Defendant, NATIONAL CREDIT ADJUSTERS, INC., for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: /s/ Adam J. Krohn
[ ]Adam Krohn
Attorneys for Plaintiff
Krohn & Moss, Ltd.
120 W. Madison Street
10th Floor
Chicago, IL 60602

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, BRADFORD PEDDIE, demands a jury trial in this case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

Plaintiff, BRADFORD PEDDIE, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRADFORD PEDDIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_7/13/09_
Date

_[signature]_
BRADFORD PEDDIE

# **EXHIBIT A**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — YES **NO**
5. Embarrassment when speaking with family or friends — YES **NO**
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — YES **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — YES **NO**

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 7/13/09

Signed Name: [signature]

Printed Name: BRADFORD L. POPPIE